15-3760-cv
*Petre v. Comm'r of Soc. Sec.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES
           ROSEMARY S. POOLER,
                     *Circuit Judges,*
           JOHN G. KOELTL,
                     *District Judge.**

---

GHEORGHE PETRE,

        *Plaintiff-Appellant*,          15-3760-cv

        v.

COMMISSIONER OF SOCIAL SECURITY,

        *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:       Gheorghe Petre, *pro se*, Bronx, NY.

FOR DEFENDANT-APPELLEE:        Varuni Nelson, Arthur Swerdloff,
                               Kathleen A. Mahoney, Assistant United
                               States Attorneys, *for* Robert L. Capers,

---

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

United States Attorney, Eastern District
of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Appellant Gheorghe Petre, proceeding *pro se*, appeals from the District Court's grant of judgment on the pleadings, which dismissed his action seeking review of a final determination of the Commissioner of Social Security ("Commissioner") determining that his Disability Insurance Benefits ("DIB") were correctly calculated under the applicable regulations. He argues on appeal that the administrative law judge ("ALJ") and District Court failed to apply the proper regulations and miscalculated his DIB. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When a judgment upholds a benefits determination by the Commissioner, we conduct a *de novo* review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks omitted). Under the substantial evidence standard, "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

Here, an independent review of the record and relevant case law reveals that the District Court properly granted judgment on the pleadings. We affirm for substantially the reasons stated by the District Court in its thorough November 9, 2015 decision.

Petre's arguments concerning the applicable regulations are meritless because they are premised on a misunderstanding of the applicable calculation formula for DIB. The monthly DIB amount is based on a beneficiary's primary insurance amount ("PIA"). 42 U.S.C. § 423(a)(2); *see* 20 C.F.R. § 404.201(a). As the District Court correctly noted, PIA for beneficiaries whose disability began after 1979 is calculated based on average indexed monthly earnings ("AIME"). 42 U.S.C. § 415(a)(1)(A)–(B); 20 C.F.R. § 404.204(b)(1). The AIME is based on all earnings for years worked, from the year the beneficiary turned 22 and up to the second year before the year in which the beneficiary became eligible for benefits. 20 C.F.R. § 404.211(e)(1). The regulation specifically prevents calculations based on less than two benefit computation years. *Id.* Petre's argument that the single highest year of earnings is used for DIB is incorrect, as is his argument that a different regulation applied to the DIB calculations in lieu of § 404.211.

## CONCLUSION

We have considered all of Petre's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk